UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY DIX**,                                                         Case No. 5:16 CV 946

        Plaintiff,

    v.                                                     Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.                            MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Marcia Margolius, counsel for Plaintiff, has moved for approval of payment of her attorney's fees, in the amount of $6,212.50, pursuant to 42 U.S.C. § 406(b)(1). (Doc. 20). The Commissioner responded, stating she had no objection to the amount sought. (Doc. 21). For the reasons discussed below, the Court grants the Motion.

### DISCUSSION

Under 42 U.S.C. § 406(b)(1), the Court may allow payment of a reasonable attorney fee, not to exceed 25 percent of the total past-due benefits to which the Plaintiff is entitled. Plaintiff signed a contract with counsel which entitled counsel to 25 percent of the past-due benefits. (Doc. 21-2). Within the 25 percent boundary, the attorney for a successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). The statutory percentage of 25 percent is a benchmark in determining whether the fees requested are reasonable. *See Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). If a contingency agreement "states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez*, 865 F.2d at 746. Deductions for large fees are permissible in two

situations: 1) misconduct or ineffectiveness of counsel; or 2) where counsel would otherwise enjoy a windfall because of either an inordinately large benefit award, or minimal effort expended. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. While counsel is not required to seek less than the 25 percent contingency fee, a discounted fee is relevant to the reasonableness determination. *See, e.g.*, *Willis v. Comm'r of Soc. Sec.*, 2014 WL 2589259, at *5 (S.D. Ohio) (collecting cases); *Lowery v. Comm'r of Soc. Sec.* 940 F. Supp. 2d 689, 692 (S.D. Ohio 2013).

Here, Plaintiff was awarded past benefits, dating back to November 2010, in an amount of $72,344. *See* Doc. 20-1, at 4. Plaintiff's counsel has provided her fee agreement with Plaintiff, entitling her to 25 percent of all past due benefits. (Doc. 20-2). Plaintiff's counsel requests $6,212.50, or 17.75 hours compensated at $350 per hour (Doc. 20, at 1-2), and has provided time sheets documenting the time spent on Plaintiff's case (Doc. 20-3). This Court and others in this district have found an hourly rate of $350 to be reasonable and not excessive. *See, e.g., Mays v. Comm'r of Soc. Sec.*, 2016 WL 4564961 (N.D. Ohio); *Williams v. Comm'r of Soc. Sec.*, 2015 WL 1505700 (N.D. Ohio); *Koporwski v. Comm'r of Soc. Sec.*, 2013 WL 29804 (N.D. Ohio); *Brown v. Comm'r of Soc. Sec.,* 2012 WL 6682112 (N.D. Ohio); *Godfrey v. Astrue*, 2012 WL 3715883 (N.D. Ohio). The Court also notes counsel here requests fees in the amount of $6,212.50, which is less than 35 percent of the $18,944 representing 25 percent of the past due benefits. Moreover, the Commissioner did not oppose Plaintiff's request. In light of the above, undersigned therefore finds the requested fee amount to be reasonable.

**CONCLUSION**

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $6,212.50 (Doc. 20). Because counsel previously received attorney fees in the amount of $3,308.80 under the Equal Access to Justice Act (Doc. 19), that amount shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

IT IS SO ORDERED.

                                                            s/James R. Knepp II
                                                     United States Magistrate Judge